# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: WAL-MART ATM FEE NOTICE LITIGATION**                    MDL No. 2234

## TRANSFER ORDER

**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, plaintiff in the Eastern District of New York action moves for coordinated or consolidated pretrial proceedings of six actions pending in four districts as listed on Schedule A.[1]  Moving plaintiff did not suggest a transferee district in her motion; she subsequently notified the Panel that she does not object to centralization in the Western District of Tennessee or the Eastern District of Texas, as suggested by the responding parties.

Plaintiff in the Western District of Tennessee potential tag-along action did not respond to the motion.  Plaintiffs in all other pending actions and potential tag-along actions responded in support of centralization in the Western District of Tennessee.  Plaintiff in the Eastern District of Texas action also supports centralization in the Eastern District of Texas.  Defendants Wal-Mart Stores, Inc. (Wal-Mart), Sam's East, Inc., Satellite Receivers, Ltd. d/b/a Cash Depot, and Diebold, Inc., support and join in the motion for centralization and suggest either the Western District of Tennessee or the Eastern District of Texas for the transferee district.

On the basis of the papers filed and hearing session held, we find that these six actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Tennessee will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All actions involve common factual questions arising from the operation of certain automated teller machines (ATMs) in Wal-Mart and Sam's Club stores.  Plaintiffs in all actions allege that the defendants (1) imposed fees on some users who withdrew cash from certain of their ATMs; (2) failed to post physical notices on the ATMs that users might incur fees from doing so; and

---

[*]  Judge Barbara S. Jones took no part in the decision of this matter.

[1]  An Eastern District of Pennsylvania action encompassed by the motion has since been dismissed voluntarily.  Also, the parties have notified the Panel of three related actions pending, respectively, in the Northern District of Mississippi, the Middle District of Tennessee, and the Western District of Tennessee.  These actions will be treated as potential tag-along actions in accordance with Panel Rules 7.1 and 7.2.

- 2 -

(3) thus violated the fee-notice requirements of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* (EFTA).

Discovery concerning the defendants' ATM operations will likely overlap across the actions, as will briefing on dispositive motions.  Centralization under Section 1407 will eliminate duplicative discovery and prevent inconsistent pretrial rulings, particularly with respect to class certification.  *See, e.g., In re Regions Bank ATM Fee Litig.*, 2011 WL 346948 (J.P.M.L. Feb. 3, 2011) (centralizing three EFTA actions on the grounds that the actions shared factual questions regarding whether the defendant bank failed to disclose properly that fees would be charged to certain users of the bank's ATMs, and that discovery and briefing on dispositive motions would be largely duplicative among the actions).

We are persuaded that the Western District of Tennessee is an appropriate transferee forum.  All moving and responding parties, both plaintiffs and defendants, support centralization in this district, where, in total, three actions are pending.  Centralization in this district also permits the Panel to assign the litigation to an experienced judge who is not currently presiding over another multidistrict litigation docket.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Tennessee are transferred to the Western District of Tennessee and, with the consent of that court, assigned to the Honorable Jon P. McCalla for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____

John G. Heyburn II
Chairman

Kathryn H. Vratil                    W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.             Paul J. Barbadoro

**IN RE: WAL-MART ATM FEE NOTICE LITIGATION**          MDL No. 2234

**SCHEDULE A**

<u>Northern District of Mississippi</u>

Shannon McOlgan v. Wal-Mart Stores, Inc., C.A. No. 2:10-00157
Greg Fondren v. Wal-Mart Stores, Inc., C.A. No. 3:10-00089

<u>Eastern District of New York</u>

Eva Sebrow v. Wal-Mart Stores, Inc., C.A. No. 1:10-04743

<u>Western District of Tennessee</u>

James Weir v. Wal-Mart Stores, Inc., C.A. No. 1:10-01223
Janis Donaville v. Wal-Mart Stores, Inc., C.A. No. 2:10-02620

<u>Eastern District of Texas</u>

Donald C. Thomas v. Wal-Mart Stores, Inc., C.A. No. 4:10-00472